# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| KENDRICK LEE WATERS | ) |
| | ) |
| v. | )     3-08-CV-360-P |
| | ) |
| NATHANIEL QUARTERMAN, Director, | ) |
| Texas Department of Criminal Justice | ) |
| Correctional Institutions Division | ) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the French Robertson Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Abilene.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of possession with intent to deliver a controlled substance as charged in the indictment returned in Cause No. F-04-54435-LW Petitioner was tried by a jury which returned a verdict of guilty. Thereafter the jury found the enhancement paragraph of the indictment to be true and assessed his punishment at a term of 90 years in prison. Waters appealed his conviction which was affirmed by the Fifth Court of Appeals at Dallas on August 23, 2006. His petition for discretionary review was subsequently refused by the

Texas Court of Criminal Appeals. Petitioner then proceeded to file an application for habeas corpus relief pursuant to art. 11.07 of the Texas Code of Criminal Procedure and on January 9, 2008, the Court of Criminal Appeals denied his application without written order. *See Ex Parte Waters*, No. WR-69,016-01 at cover. He then filed the present § 2254 petition in this court.

**<u>Findings and Conclusions</u>**: Although Waters asserts five grounds for relief, all revolve around the facts and circumstances surrounding his conviction for the offense of aggravated robbery in Cause No. F-95-42990-HN in March 1996, which was alleged as a prior conviction in the indictment in Cause No. F-04-54435-LW.

The indictment in No. F-95-42990-HN alleged that Waters robbed the victim of jewelry on or about January 13, 1995, and that he used a deadly weapon, to wit: a firearm. *See* Application No. WR-69,016-01 at 051. He entered into a plea bargain, *Id.* at 042, and on March 28, 2006, he pleaded nolo contendere to the offense charged and executed a judicial confession admitting that he used a firearm while committing the robbery. *Id.* at 053. In accordance with the plea agreement the state court assessed a ten year prison term, but suspended execution of the sentence and placed Waters on probation for a term of five years. Also in accordance with the plea agreement the court expressly made "no finding" on the use of a deadly weapon. *Id.* at 041. On January 15, 1998, the state court revoked his community supervision probation and sentenced Waters to five years in the Texas Department of Criminal Justice. The court again expressly made "no finding" on the use of a deadly weapon. *Id.* at 050; *See also* No. F-04-54435-LW, Statement of Facts, Reporter's Record, Vol. 5 at State's Exhibit 26 pages 3-5.

The disposition of Petitioner's prior conviction in No. F-95-42990-HN is an example of the labyrinthine procedure followed in Texas state courts to permit a defendant to avoid being sentenced

2

to a term of incarceration. *See* Respondent's answer at 14-15. The procedure followed was nearly identical to that described in the Texarkana Court of Appeals decision in *Dickson v. State*, 988 S.W.2d 261 (Tex.App. - Texarkana 1999, pet. ref'd).[1] The trial judge sentenced the defendant to ten years imprisonment, but suspended imposition of the sentence and placed him on probation. Although the written judgment recited that he was convicted of aggravated assault with a deadly weapon, it did not contain an express affirmative finding that he committed the offense by using a deadly weapon. After his probated sentence was revoked Dickson argued on appeal that the original judgment placing him on probation was void because art. 42.12 § 3g(a)(2), which was then in effect, prohibited the granting of probation to a defendant who used or displayed a deadly weapon in the commission of a felony. The Texarkana appellate court rejected the argument, relying on the Texas Court of Criminal Appeals prior decision in *Hooks v. State,* 860 S.W.2d 110 (Tex.Crim.App. 1993). In *Hooks* the court recognized that although the self-same provision of the Code of Criminal Procedure involved in *Dickson* and in Petitioner's case, to wit: art. 42.12, § 3(g)(a)(2) was intended to prevent trial courts from granting probation to defendants who used firearms in the commission of a felony, *Id.* at 113, n.5, if the judgment did not include an affirmative finding that a deadly weapon or firearm was used, a probated sentence could be assessed.[2] Waters got exactly what he had bargained for and thus could not have argued that the trial court was without authority to revoke his probated sentence on January 15, 1998.

---

[1] Waters entered a plea of nolo contendere, but he also executed a judicial confession in which he admitted that he had committed the aggravated robbery and that he used a gun in committing the robbery. No. WR-69,016-01, *supra* at 053.

[2] As reflected in the written plea agreement, the State and Waters agreed to the five year term of probation and that no affirmative finding of the use of a deadly weapon would be made. No. WR-69,016-01, at 042.

Turning to the grounds asserted in his § 2254 petition Waters's *Brady*[3] claim asserted in his first ground is patently without merit. Of all of the participants in his cocaine possession trial, he was the only one who had signed the plea agreement in No. F-95-42990-HN which provided that there would be no affirmative finding of the use of a firearm and who was present when the then presiding judge imposed a term of probation exactly as had been agreed upon. Finally it is clear that the judgment revoking his probated sentence reflects a "no finding" on the use of a deadly weapon. *See* State's Exhibit 26, *supra.*

In Ground Two he accuses the prosecutor of committing perjury in the punishment phase. Specifically he identifies that portion in which the prosecutor erroneously stated that Waters had pled guilty to aggravated robbery in F-95-42990-HN rather than having pled nolo contendere. Reporter's Record, Vol. 3, at 204. In his third ground he claims that the trial court erred in permitting the prosecutor to summarize the exhibits previously admitted into evidence. *Id.* at 203-204.

Perjured testimony is that which is given under oath and is known to be false to the declarant at the time it was given. Since the prosecutor was not under oath at the time he summarized the contents of the documents reciting Petitioner's prior convictions, that is, State's Exhibits 26 through 29, his summary, even if untrue, would not constitute perjured testimony. More to the point, however, is the fact that Waters cannot show that the error in the prosecutor's statement deprived him of a fair trial. Although a plea of nolo contendere to a criminal charge cannot be used as an admission in a correlative civil proceeding, in all other respects it is treated as the equivalent of a guilty plea. *E.g. Matthew v. Johnson*, 201 F.3d 353, 360 and n. 9, rehearing denied 209 F.3d 721

---

[3]*Brady v. Maryland*, 373 U.S. 83, 87 (1963).

(5th Cir.), cert. denied 531 U.S. 830, 121 S.Ct. 291 (2000).[4] Nor has Petitioner identified any United States Supreme Court decision which calls into question a trial court's discretion in permitting the contents of admitted documentary evidence to be summarized. Therefore, relief on Grounds Two and Three should be denied.

Waters next attacks the sufficiency of the evidence to support the jury's verdict of "true" with respect to the enhancement paragraph of the indictment in F-04-54435-LW. While the jury only had before it State's Exhibit 26, the judgment revoking his conviction for aggravated robbery with a deadly weapon in No. F-95-42990-HN, absent any evidence to the contrary, State's Exhibit 26 was clearly sufficient to allow the jury to return a verdict of "true."[5] The fact that the judgments in F-95-42990-HN recited "No Finding" with respect to the use of a firearm did not change the fact that he entered an initial plea of nolo contendere and made a judicial confession to the offense of aggravated robbery with a firearm. *See* WR-69,016-01 at 053 and 041 and State's Exhibit 26, *supra*. As explained by the Court of Criminal Appeals in *Hooks v. State, supra,* the trial court's "no finding," merely permitted the judge to impose a probated sentence for an offense for which a term of probation was otherwise prohibited, but did not otherwise affect the validity of Waters's conviction for aggravated robbery with the use of a deadly weapon.

As his final ground for relief he attacks the representation provided by his trial attorney. Specifically he faults his attorney for not having obtained documents from the closed file in F-95-

---

[4] As reflected in the records from his aggravated robbery conviction, Waters judicially confessed that he used a firearm while committing the offense. *See* n.1, *supra.*

[5] As reflected in the record Petitioner initially entered a plea of "true" to the enhancement paragraph outside the jury's presence, but after a brief consultation with his trial attorney he changed his plea to "untrue." Reporter's Record, Vol. 3 at 196-197.

42990-HN. The representation afforded to a criminal defendant by counsel is governed by the two prong test set out in *Strickland v. Washington,* 466 U.S. 668, 687-89, 104 S.Ct. 2052 (1984). A habeas petitioner carries a heavy burden to overcome the "[strong presumption] that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." As observed above, Waters's art. 11.07 application record contains a larger number of court documents from his prior prosecution for aggravated robbery than the single document offered and admitted in his prosecution in F-04-54435-LW. However, obtaining such records could not have accomplished anything that was not clearly reflected in State's Exhibit 26, i.e. "No Finding" with respect to the use of a firearm. *Cf.* WR-69,0106-p1 at 041.

**Conclusion**: For the reasons stated above the claims asserted in the petition are without merit. However, more to the point and determinative of the disposition of the petition is the fact that Waters has failed to establish that the Texas Court of Criminal Appeals' denial of his art. 11.07 application was violative of the provisions of either § 2254(d)(1) or (2).

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 9th day of September, 2008.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

6

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.